IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RHONDA OZUNA OBO,
*on behalf of*
ARMANDO R. OZUNA,
*a minor*

             Plaintiff,

    v.

MICHAEL J. ASTRUE,

             Defendant.
_____

Civil No. 06-1574-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff Rhonda Ozuna Obo ("Obo") seeks judicial review of the Social Security Commissioner's final decision terminating Supplemental Security Income ("SSI") benefits awarded to her son, Armando R. Ozuna ("Ozuna"), under Title XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Ozuna was born November 5, 1995. Tr. 91.[1] On June 6, 2000, the Commissioner awarded Ozuna SSI benefits for borderline intellectual functioning and "oppositional/defiant" disorder. Tr.37. In November 2003, the agency found Ozuna's impairments "medically improved" and Ozuna's SSI eligibility ceased. Tr. 50-53.

Ozuna's mother, Obo, appealed that decision and a hearing was held before an Administrative Law Judge ("ALJ") on March 17, 2006. Tr. 467-88. The ALJ subsequently issued a decision, finding that Ozuna was no longer disabled within the meaning of the Social Security Act and, thus, no longer eligible for benefits under Title XVI. Tr. 17-27. The Appeals Council accepted additional evidence into the record on September 18, 2006, but denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 8-11. Obo presently appeals.

## DISABILITY ANALYSIS

This is a child benefits cessation case. All children receiving SSI benefits are subject to periodic review by the SSA to determine their continuing eligibility for benefits. 20 C.F.R. § 416.994a(a), *Warre v. Comm'r*, 439 F.3d 1001, 1003 (9th Cir. 2006). Benefits may be terminated if the Commissioner determines that the child has experienced medical improvement since the decision granting the child disability benefits and is not currently disabled. 20 C.F.R. § 416.994a(a)(1).

In making this determination, the Commissioner engages in a sequential process

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer March 20, 2007 (Docket #7).

encompassing between one and three steps. 20 C.F.R. § 416.994a(b).

At step one, the ALJ determines if the child has experienced medical improvement. If no medical improvement occurred, subject to specified exceptions,[2] the disability continues. 20 C.F.R. § 416.994a(b)(1).

If the child experienced medical improvement, the ALJ proceeds to step two. Here the ALJ determines if the child's impairment continues to "meet or equal the severity of the listed impairment that it met or equaled" at the time of the initial determination. 20 C.F.R. § 416.994a(b)(2). If so, the child is still disabled. If the child's impairment does not meet or equal a listed impairment, and no relevant exceptions are noted, the ALJ proceeds to step three.[3] *Id.*

At the third and final step, the ALJ determines if the child is "still disabled." 20 C.F.R. § 416.994a(b)(3). The ALJ must consider whether the child has any medically severe impairment, or an impairment that meets, medically equals, or functionally equals a listed impairment. 20 C.F.R. §§ 416.994a(b)(3), 416.924(c), (d).[4] The ALJ's analysis must also consider "all impairments that you now have, including any you did not have at the time of our most recent favorable determination or decision." 20 C.F.R. § 416.994a(b)(3). If the ALJ finds that the child

---

[2]At each stage in this analysis, the ALJ considers whether certain exceptions apply to his finding. 20 C.F.R. §§ 416.994a(e), (f). These exceptions include new diagnostic techniques, an erroneous previous decision, fraud, a claimant's failure to co-operate with the agency, or failure to follow prescribed treatment. *Id.* If these exceptions apply, the child is no longer disabled.

[3]At step two, the "key question is not whether the child still suffered from the same medical problem he had when benefits were awarded, but whether the severity of the problem decreased sufficiently to enable him to engage in gainful activity." *Warre*, 439 F.3d at 1006.

[4]Codifying the Agency's Final Rules, issued September 11, 2001, regarding childhood disability determinations. 20 C.F.R. § 416.924, 65 Fed. Reg. 54,778.

has no impairments that meet, medically equal, or functionally equal a listed disorder the child is no longer disabled. *Id.*

As in adult disability determination cases, the initial burden of establishing disability rests upon the claimant. *Tidwell v. Apfel*, 161 F.3d 599,601 (9th Cir. 1998); *Patti v. Schweiker*, 669 F.2d 582, 586-87 (9th Cir. 1982). However, for purposes of determining if disability has ended, the claimant is also entitled to a presumption of continuing disability, requiring the Commissioner to produce rebuttal evidence. *Patti*, 669 F.2d at 586-87. This presumption of continuing disability does not affect the ultimate burden of persuasion, which remains on the claimant, to prove entitlement to benefits. *Tidwell*, 161 F.3d at 601; *Patti*, 669 F.2d at 587.

## **THE ALJ'S FINDINGS**

The ALJ found Ozuna's "speech/language disorder, asthma, and attention deficit hyperactivity disorder" "severe." Tr. 18. The ALJ applied continuing disability evaluation standards in her analysis of Ozuna's speech and attention deficit disorders. The ALJ evaluated Ozuna's asthma as a new impairment.

At step one, the ALJ found that the medical and other relevant evidence established improvement in Ozuna's speech and language disorders "as of November 2003." Tr. 18-26. At step two, the ALJ found that these initial impairments, individually and in combination, no longer meet or medically equal a "listed" impairment. Tr. 19, 26. The ALJ subsequently found that these impairments in combination with Ozuna's additional impairment, his asthma, do not functionally equal listing-level severity at step three. Tr. 25. The ALJ therefore found that Ozuna's disability ceased as of November 2003. Tr. 27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, __ F.3d __ (2007 WL 2874403) at *5 (9th Cir. October 5, 2007)(*citing Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (*citing Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see* also *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d 747 750 (9th Cir. 1989); *see* also *Batson*, 359 F.3d at 1193.

## DISCUSSION

Obo now contends the Commissioner failed to properly evaluate Ozuna's asthma and failed to develop the record. Obo raises no other challenges to the ALJ's findings.

**I.    Asthma**

The ALJ discussed Ozuna's asthma as follows:

> The record contains no diagnosis of asthma from a treating or examining source. The child testified that he experienced asthma exacerbations when walking to school in the cold or running in gym class. However, the record contains no treatment notes that describe frequent asthma exacerbations, chronic shortness of breath, wheezing, rhonci, bronchospasm, exertional dyspnea, or any emergency room visits or in-patient hospitalization. The record contains no pulmonary function or arterial blood gas testing that would reveal any abnormal findings.

5 - FINDINGS AND RECOMMENDATION

Tr. 24.

This finding is based upon the record. The record contains no citations to asthma throughout the period in question. The record mentions an upper respiratory viral infection in January 2000, and a cough in November 2000. Tr. 263-64. Ozuna experienced "rhinosinusitis" in January and May 2002. Tr. 369-370. These findings do not establish asthma during the period in question. The ALJ's discussion of Ozuna's asthma is based upon the record and should be affirmed.

## II.     Duty to Develop The Record

At Ozuna's March 2006 hearing, the ALJ stated that she found no indication of asthma in the record. Tr. 480. The ALJ stated that she would leave the record open following the hearing so counsel could submit medical records regarding Ozuna's asthma. Tr. 487. Obo's counsel indicated that he would "get the asthma records." Tr. 481. The additional records counsel subsequently submitted contain school reports, no medical evidence, and no reference to asthma. Tr. 454-62.

Obo now claims the ALJ failed to adequately develop the record. Pl. Opening Br. 6. The ALJ's duty to develop the record is triggered when evidence is insufficient or when ambiguities arise. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (duty to recontact physician if physician's opinion is insufficient), *Armstrong v. Commissioner*, 160 F.3d 587, 589-90 (9th Cir. 1998) (evidence establishes disability but onset date is ambiguous). This duty is heightened when a claimant is unrepresented by counsel. *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) *(citing Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992)).

The ALJ's decision noted that, "the undersigned left the record open for submission of

6 - FINDINGS AND RECOMMENDATION

any records pertaining to the child's asthma, but no such records were submitted." Tr. 24. As noted above, the record reflects that claimant's counsel, subsequent to the hearing, submitted additional school records but no additional medical records, and no documents specifically pertaining to Ozuna's alleged asthma. The ALJ's duty to develop the record was not triggered by claimant's failure to produce any medical evidence of his alleged condition.

The ALJ furthermore gave Ozuna the benefit of the doubt in including his asthma as a "severe" impairment without any supporting medical evidence. The claimant retains the burden of providing evidence of an impairment. *Tidwell*, 161 F.3d at 601; *Patti*, 669 F.2d at 587. Counsel had opportunities to submit relevant evidence prior to the hearing, at the hearing, and during the subsequent period when the record remained open. Counsel cannot now claim that the ALJ "made no attempt to secure the medical history regarding Plaintiff's asthma" following his own failure to submit relevant records upon instruction. Pl. Opening Br. 7. Obo's submission that the ALJ failed to adequately develop the record should not be sustained.

## RECOMMENDATION

The Commissioner's decision that Ozuna experienced medical improvement and is no longer entitled to benefits under Title XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision should be AFFIRMED and a judgment should be prepared dismissing the case with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 5, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If

objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 21st day of November, 2007.

      /s/ Paul Papak
Paul Papak
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION